# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| AMIROTECH, INC. | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 3:15-CV-636-GCM ) |
| SRG TECHNOLOGY, LLC | ) ) |
| Defendant. | ) ) ) |

## ORDER

**THIS MATTER** is before the Court upon Defendant's Motion to Dismiss for Lack of Venue or, in the Alternative, to Transfer Venue and Motion for an Extension of Time to File a Responsive Pleading (Doc. No. 7), Defendant's Memorandum of Law in Support (Doc. No. 8), Plaintiff's Response in Opposition (Doc. No. 9), and Defendant's Reply (Doc. No. 10). Defendant requests that this case be dismissed or, in the alternative, transferred to the Southern District of Florida. For the reasons set forth below, the Motion is **DENIED**.

## I. BACKGROUND

Plaintiff Amirotech, Inc. ("Amirotech") brought this action on December 31, 2015, asserting claims against Defendant SRG Technology, LLC ("SRGT") for breach of contract and unjust enrichment (Doc. No. 1). Defendant is a Florida limited liability company with its principal place of business in the State of Florida, and Plaintiff is a North Carolina corporation with its principal place of business in the State of North Carolina. (Doc. No. 1 at 1-2). The parties entered into a Vendor Agreement (the "Vendor Agreement") effective June 19, 2015, and Statement of Work (the "Statement of Work") dated August 1, 2015, which was incorporated

into the Vendor Agreement on August 21, 2015 (the Vendor Agreement and Statement of Work are hereinafter collectively referred to as the "Contract"). (Doc. No. 1 at 6). Plaintiff claims that Defendant failed to make payments owed to Plaintiff under the terms of the Contract. (Doc. No. 1 at 8). In Section 11.3 of the Vendor Agreement, the parties agreed as follows:

> The Agreement will be construed in accordance with, and all disputes will be governed by, the laws of the State of Florida, without regard to its conflict of laws rules. VENDOR [Plaintiff] irrevocably consents to the personal jurisdiction of the state and federal courts in and for the county in which SRGT [Defendant] is located, and irrevocably waives any claim it may have that any proceedings brought in such courts have been brought in an inconvenient forum.

(Doc. No. 1-1).

## II. Legal Standard

United States Code Title 28 Section 1391(b) provides that venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

United States Code Title 28 Section 1406(a) provides that when a case is filed in an improper venue, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This section was designed to avoid "time-consuming and justice-defeating technicalities." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962).

United States Code Title 28 Section 1404(a) provides, in part: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to

any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). In order to move successfully pursuant to 28 U.S.C. § 1404(a), the moving party must establish that (1) the plaintiff could have brought the case in the transferee district, and (2) transfer would make the litigation more convenient for the parties and for the witnesses, and transfer would be in the interest of justice. *See Ward v. INVISTA S.a.r.L., LLC*, 5:06-cv-40, 385 B.R. 817, 821 (W.D.N.C. 2008). If venue is proper in the transferor forum and the action may have been brought in the transferee forum, the courts have discretion to decide 28 U.S.C. § 1404(a) transfer motions by weighing several judge-made factors. *See Datasouth Computer Corp. v. Three Dimensional Technologies, Inc.*, 719 F. Supp. 446, 450 (W.D.N.C. 1989).

### III. DISCUSSION

**A. 28 U.S.C. § 1406(a) Motion to Dismiss for Lack of Venue**

Defendant contends that Plaintiff irrevocably consented to Florida courts' jurisdiction through the Contract's inclusion of Section 11.3, and therefore venue is improper in the Western District of North Carolina and this case must be dismissed pursuant to 28 U.S.C. § 1406(a). (Doc. No. 8). When interpreting a forum selection clause, the body of law selected in an otherwise valid choice of law clause governs. *Queen City Pastry, LLC v. Baker Technology Enterprises, LLC*, 2015 WL 3932722, at *3 (W.D.N.C. June 26, 2015) (quoting *Martinez v. Bloomberg, LP*, 740 F.3d 211, 218 (2d Cir. 2014)). Because Section 11.3 of the Vendor Agreement contains a choice of law provision asserting that the Contract will be construed in accordance with Florida law, the forum selection clause should be interpreted under Eleventh Circuit precedent.[1] (Doc. No. 9). The Eleventh Circuit uses a "mandatory/permissive" test, only

---

[1] The Fourth Circuit uses the same mandatory/permissive dichotomy to interpret forum selection clauses. *See Gita Sports Ltd. v. SG Sensortechnik GMBH & Co.*, 560 F. Supp. 2d 432,436 (W.D.N.C 2008) (stating a forum selection clause generally will not be enforced as mandatory without further language indicating the parties' intent to make jurisdiction exclusive).

3

enforcing forum selection clauses that "unambiguously designate the forum in which the parties must enforce their rights under the contract." *See Fla. Polk Cnty v. Prison Health Servs., Inc.*, 170 F.3d 1081, 1083 n.8 (11th Cir. 1999). A mandatory clause asserts a designated forum as the exclusive forum for litigation, while a permissive forum selection clause allows jurisdiction in the named forum, but does not prohibit litigation elsewhere. *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2011).

The language in Section 11.3 of the Vendor Agreement indicates it is a permissive forum selection clause authorizing jurisdiction in the State of Florida, but not prohibiting litigation in another district. (Doc. 1-1). Section 11.3 states that "[Plaintiff] irrevocably consents to the personal jurisdiction of the state and federal courts in and for the county in which [Defendant] is located, and irrevocably waives any claim it may have that any proceedings brought in such courts have been brought in an inconvenient forum." (Doc. 1-1). Notably, Section 11.3 does not use the imperative "shall," a term often interpreted to mandate venue. *Slater v. Energy Serv. Group Int'l*, 634 F.3d 1326, 1330 (11th Cir. 2011). Further, Section 11.3 does not include any other language suggesting that the parties intended to designate Florida as the exclusive venue for litigation of the Contract. (Doc. 1-1). Section 11.3 therefore does not unambiguously designate the only forum in which the parties may litigate, but simply authorizes jurisdiction in Florida without prohibiting litigation elsewhere.

Defendant replies that under federal law, forum selection clauses are construed in an ordinary and popular sense, giving full effect to the parties' intentions (Doc. No. 10). However, a plain reading of Section 11.3 indicates a permissive rather than mandatory forum selection clause. (Doc. No. 1-1). Because Section 11.3 is most reasonably interpreted as a permissive

forum selection clause, the clause alone does not foreclose proper venue in the Western District of North Carolina.

Moreover, venue is proper in this district pursuant to 28 U.S.C. § 1391(b). A substantial part of the events or omissions giving rise to Plaintiff's breach of contract claim occurred in the Western District of North Carolina. For example, Plaintiff's employees completed their obligations under the contract primarily in this district and Defendant made payments to Plaintiff's North Carolina bank account. *See* Affidavit of Julia Rispoli, Exhibit A at 3-5, Doc. No. 9-1). Thus, the Court will consider whether this matter should nevertheless be transferred to the Southern District of Florida.

**B. 28 U.S.C. § 1404(a) Motion to Transfer Venue**

The Court first notes that this lawsuit originally could have been brought in the Southern District of Florida. Diversity jurisdiction exists in that district pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff is a North Carolina corporation, and has its principal place of business in North Carolina. (Doc. No. 1 at 1). Defendant is a Florida limited liability company, and has its principal place of business in Florida. (Doc. No. 1 at 2). Thus, the parties reside in different states and are diverse under 28 U.S.C. § 1332(c)(1). Both parties are subject to personal jurisdiction in the Southern District of Florida because Defendant resides in the district and Plaintiff consented to jurisdiction in that district through Section 11.3 of the Contract. (Doc. No. 8). Venue in the Southern District of Florida would be proper pursuant to 28 U.S.C. § 1391(b) both because Defendant resides in that district and because a substantial part of the events giving rise to the claim occurred in the Southern District of Florida. (Doc. No. 1). The parties entered into the Contract in Florida, and services were performed in Florida for a Florida business. (Doc. 1-1 and 1-2).

Because this lawsuit could have been brought in the Southern District of Florida, the Court turns to the question of whether transfer would make litigation more convenient for the parties and if transfer would be in the interest of justice. The Western District of North Carolina applies an eleven-factor test to determine the parties' convenience and the interest of justice in a motion to transfer. Those factors are:

> (1) the plaintiff's choice of forum; (2) the residence of the parties; (3) the relative ease of access of proof; (4) the availability of compulsory process for the attendance of witnesses and the costs of obtaining attendance of willing witnesses; (5) the possibility of a view; (6) the enforceability of any judgment obtained; (7) the relative advantages and obstacles to a fair trial; (8) other problems which might make the litigation more expeditious and economical; (9) the administrative difficulties of court congestion; (10) the interest in having localized controversies resolved at home and the appropriateness in having litigation of a diversity case in a forum that is at home with the state law that must govern the action; and (11) the avoidance of issues involving conflict of laws.

*Am. Motorists Ins. Co. v. CTS Corp.*, 356 F. Supp. 2d 583, 585 (W.D.N.C. 2005); *see, e.g.*, *Jim Crockett Promotions, Inc. v. Action Media Group, Inc.*, 751 F. Supp. 93, 96 (W.D.N.C. 1990).

The parties agree that the second, fifth, sixth, eighth, and eleventh factors have no bearing on the analysis because they do not favor either Plaintiff or Defendant. Additionally, the parties agree that the seventh factor is inapplicable because there are no relative advantages or obstacles to a fair trial in either North Carolina or Florida. Thus, the Court will proceed to discuss the remaining factors.

**1. Plaintiff's Initial Choice of Forum**

As to the first factor, Plaintiff's choice of forum weighs heavily against transfer. Plaintiff chose to file this lawsuit in the Western District of North Carolina, a proper venue pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in that district. (Doc. No. 9). Defendant argues that Plaintiff actually chose the forum for this lawsuit by signing the Contract containing Section 11.3 and irrevocably

consenting to both the application of Florida law and the jurisdiction of Florida courts. (Doc. No. 8). However, for reasons already discussed, Section 11.3 is a permissive rather than mandatory forum selection clause, and thus the inclusion of the clause has no bearing on the plaintiff's choice of forum. (Doc. No. 9).

Additionally, the plaintiff's choice of forum is of utmost importance. *Uniprop Manufactured Housing Commun. Income Fund II v. Home Owners Funding Corp. of Am.*, 753 F. Supp. 1315, 1322 (W.D.N.C. 1990). This Court has long accorded a plaintiff's choice of forum "great weight" and this factor is regarded as a principal factor in the transfer analysis. *Id.* The Western District of North Carolina acknowledges that the plaintiff's choice of forum is "a paramount consideration in any determination of transfer request and that choice . . . should not lightly be disturbed." *Datasouth Computer Corp.*, 719 F. Supp. at 451. In fact, courts note that a defendant moving for transfer from a district in which venue is proper carries a heavy burden, as "a court should not disturb the plaintiff's choice of forum unless the moving party demonstrates that the balance of convenience to the parties and witnesses and the interests of justice weigh heavily in favor of transfer to another district." *Commercial Equipment Co., Inc. v. Barclay Furniture Co.*, 738 F. Supp. 974, 976 (W.D.N.C. 1990). Given the importance attributed to this factor, Plaintiff's choice of forum in the Western District of North Carolina weighs heavily against transfer of the case to the Southern District of Florida.

**2. Ease of Access of Proof, Witness Availability, Court Congestion, and Familiarity with State Law**

Because the Court accords great weight to the plaintiff's choice of forum, the remaining factors must clearly demonstrate that the balance of convenience to the parties and the witnesses

7

and the interests of justice weigh heavily in favor of transfer to the Southern District of Florida. *Id.*

Relative ease of access of proof, the third factor, does not significantly favor either party. Plaintiff asserts that Defendant breached the Contract by failing to fully pay the amount owed as described in the Statement of Work. (Doc. No. 1-2). Plaintiff's records and bank account are in North Carolina, as are all of Plaintiff's employees or contractors who worked on the project, with the exception of a contractor from India. (Doc. No. 9). However, significant amounts of the work performed in this case occurred in Florida, and Defendant's witnesses reside in Florida (Doc. No. 8). In either a North Carolina or Florida forum, one of the parties will suffer an inconvenience in transporting evidence to another forum. *See Commercial Equip.*, 738 F. Supp. at 977. Thus, the Court finds that the third factor is neutral.

The fourth factor, availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses, is subject to a similar analysis. Plaintiff plans to call three or four witnesses, all of whom reside in North Carolina (Doc. No. 9), while Defendant asserts that ten or more potential witnesses reside or are employed in Florida or India. (Doc. No. 8). Federal Rule of Civil Procedure 45(c) restrains courts from compelling witnesses more than 100 miles from where the witness resides, is employed, or regularly transacts business in person. *See* Fed. R. Civ. P. 45(c). In either North Carolina or Florida, one of the parties will need to call witnesses from more than 100 miles away, although it appears Defendant plans to call a larger number of witnesses. (Doc. No. 8). However, Plaintiff asserts that it is unrealistic for Defendant to call ten witnesses and notes that with any reasonable defense, Defendant would call no more than three witnesses. (Doc. No. 9). Further, courts afford greater weight to the convenience of non-party witnesses, as party witnesses are presumed to be more willing to

testify in a different forum. *Samsung Electronics Co., Ltd. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 718 (E.D. Va. 2005). Plaintiff believes all of the witnesses Defendant may reasonably call continue to work for Defendant, a fact which Defendant did not dispute. However, only one of the witnesses Plaintiff plans to call continues to work for Plaintiff. (Doc. No. 9). Considering the number of Defendant's potential witnesses and Plaintiff's third-party witnesses, the fourth factor is neutral.

The ninth factor, court congestion, is inconclusive. Defendant asserts that it will take longer for this case to come to trial in the Western District of North Carolina (20.3 months) than it would in the Southern District of Florida (15.6 months), and accordingly that this factor favors transfer. (Exhibit A, Doc. No. 8-1). However, Plaintiff asserts that the Southern District of Florida is a more congested court, first noting that the Southern District of Florida has 604 weighted civil filings per judgeship and 728 weighted total filings per judgeship while the Western District of North Carolina had 210 and 350, respectively. (Exhibit B, Doc. No. 9-2). Plaintiff also notes that the Southern District of Florida has 4,522 total civil cases, 3,881 total private civil cases, and 547 total private contract cases pending, while the Western District of North Carolina had 897 total civil cases, 606 total private civil cases, and 109 total private contract cases pending. (Exhibit C, Doc. No. 9-3). Finally, Plaintiff asserts that the Southern District of Florida has between five and six times more cases in each category yet they had only 3.6 times as many authorized judgeships. (Exhibits B and C, Doc. No. 9). Given the conflicting data, the Court finds that the ninth factor is neutral in the transfer analysis.

Finally, regarding the tenth factor of localized controversy and familiarity with state law, Plaintiff agrees with Defendant that Section 11.3 of the Vendor Agreement provides that the Contract will be construed in accordance with Florida law. (Doc. No. 9). A federal district court

9

in Florida will of course have a greater familiarity with Florida contract law. (Doc. No. 8). However, the dispute appears to be a relatively simple contract dispute based on Defendant's failure to pay. (Doc. No. 1). Courts in the Western District of North Carolina have held that when the matter is a simple contract dispute, this factor does not favor either side because neither court will have difficulty applying the law. *See Jim Crockett Promotions, Inc. v. Action Media Group, Inc.*, 751 F. Supp. 93, 98 (W.D.N.C. 1990). Finally, both forum states have a strong interest in the outcome of this lawsuit. North Carolina courts have a strong interest in ensuring small businesses within their jurisdiction are fairly compensated for the work they perform within their jurisdiction. (Doc. No. 9). Florida has a strong interest in this case because the contract at issue was entered into in Florida, the services were provided in Florida, and the customer who received the services was located in Florida. (Doc. No. 8). Thus, the Court finds that this factor is neutral.

In sum, considering the great weight accorded to plaintiff's choice of forum and the fact that none of the factors in this Court's multifactor analysis demonstrate that the balance of convenience to the parties and the interest of justice weigh heavily in favor of transfer to another district, Defendant has not met its burden of showing that this matter should be transferred to the Southern District of Florida.

## IV. CONCLUSION

The Court finds that Section 11.3 of the Contract contains a permissive rather than mandatory forum selection clause, and venue is proper in this district. Accordingly, the case should not be dismissed for lack of venue under 28 U.S.C. § 1406(a). Further, the Court finds that Defendant has not met its substantial burden of demonstrating that the balance of convenience to the parties and the witnesses and interest of justice weigh heavily in favor of

transfer to the Southern District of Florida. The Court will not grant a motion to transfer where, as here, "a transfer would merely shift the inconvenience from the defendant to the plaintiff, or if the equities lean but slightly in favor of the movant after all factors are considered." *Uniprop*, 753 F. Supp. at 1322.

**THEREFORE**, Defendant's Motion to Dismiss for Lack of Venue or, in the Alternative, to Transfer Venue and Motion for an Extension of Time to File a Responsive Pleading (Doc. No. 7) is **DENIED**.

**SO ORDERED**.

Signed: June 7, 2016

Graham C. Mullen
United States District Judge